**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CIVIL ACTION**

IN RE: PLIMSOLL MARINE INC.          **NO: 19-14757**

**SECTION "H"**

## ORDER AND REASONS

Before the Court is Empire Stevedoring, Inc. and the Board of
Commissioners of the Port of New Orleans's Motion for Summary Judgment
(Doc. 56). Oral argument was held on January 27, 2022. For the following
reasons, the Motion is DENIED.

## BACKGROUND

This is a limitation action by Plimsoll Marine, Inc. ("Plimsoll") as owner
of the M/V OKALOOSA. On the evening of June 30, 2019, the OKALOOSA was
departing the First Street Wharf on the east bank of the Mississippi River in
New Orleans with two loaded barges in tow when a rope became entangled in
the vessel's propeller, stopped her engine, and caused the vessel to allide with
other vessels and property. The City of Gretna was the only claimant to file an

answer in this limitation action. Default against any other claimant has been entered.

Plimsoll has also filed a third-party complaint against Empire Stevedoring, Inc. ("Empire"), the operator of the First Street Wharf, and the Board of Commissioners of the Port of New Orleans ("the Port"), the owner of the First Street Wharf, tendering them as defendants to the City of Gretna pursuant to Rule 14(c) of the Federal Rules of Civil Procedure and alleging that any damages resulting from the allision were caused by their negligence. Specifically, Plimsoll argues that Empire and the Port were responsible for removing from the wharf the line that entangled the OKALOOSA's propeller. Empire and the Port now move for summary judgment dismissing the claims against them. Plimsoll and the City of Gretna oppose.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

2

all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Plimsoll argues that Empire and the Port were negligent in causing the allision when they failed to remove the rope that fouled the OKALOOSA's propeller from a bollard on the First Street Wharf. Plimsoll's claim arises under general maritime law. "The elements of a maritime negligence cause of

---

[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

action are essentially the same as land-based negligence under the common law."[9] "Those elements are: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the plaintiff sustained damages, and (4) the defendant's wrongful conduct caused the plaintiff's damages."[10]

In their Motion, Empire and the Port argue that Plimsoll cannot prove that they were responsible for the rope becoming entangled in the OKALOOSA's propeller because the rope was debris floating in the river and they had no duty to discover and remove it. The parties appear to agree that if the rope was merely debris floating in the river, then Empire and the Port did not owe a duty to Plimsoll to find and remove that rope prior to the accident. Plimsoll argues, however, that the rope was not debris but was hanging from a bollard on the wharf and that Empire and the Port, as operator and owner of the wharf respectively, had a duty to discover and remove it. For the first time at oral argument, Movants argued that they did not owe a duty to remove the rope if it was hanging from the wharf. They suggested that because there is no evidence of how long the rope had been hanging from the wharf and no evidence that they knew about the rope, they did not owe a duty to remove it. The Court does not, however, consider points raised for the first time at oral argument.[11] In their Motion, Movants argued only that they had no duty to

[9] Withhart v. Otto Candies, L.L.C., 431 F.3d 840, 842 (5th Cir. 2005).

[10] Ortega Garcia v. United States, 427 F. Supp. 3d 882, 899 (S.D. Tex. 2019), *aff'd*, 986 F.3d 513 (5th Cir. 2021).

[11] Whitehead v. Food Max of Miss., Inc., 163 F.3d 265, 270 (5th Cir. 1998); United States v. Liggins, 155 F. Supp. 3d 665, 668 (N.D. Miss. 2016) ("[I]t seems quite unfair to force [Defendant's] counsel to confront an entirely new theory of the case at oral argument, which he had no prior opportunity to research or even consider. Oral argument gives parties a chance to flesh out their existing theories of the case, but it does not properly serve as an opportunity for either party to present an entirely new theory of the case.").

"discover a mooring line floating in the Mississippi River in the middle of the night."[12] Accordingly, the only issue properly before this Court is whether the rope that fouled the OKALOOSA's propeller was debris floating in the river or a segment of the rope hanging from a bollard at the wharf. If the rope was debris, then Movants did not owe a duty to discover and remove it, and summary judgment in their favor is appropriate.

Empire and the Port deny that the rope found in the OKALOOSA's propeller and the rope found tied to the bollard can be the same rope. They have provided this Court with photographs that they contend show that the line found tied to the bollard has eyes at both ends—suggesting that it was not broken at all. On the other hand, the line found in the OKALOOSA's propeller has a frayed end where it was presumably severed by the propeller. They argue, therefore, that because the line found hanging on the wharf was not severed or frayed, the segment of rope found in the OKALOOSA's propeller cannot have come from it.

In response, Plimsoll presents the testimony of its expert, Robert Bartlett. After examining the two rope segments, Mr. Bartlett opined that the section of rope that was removed from the OKALOOSA's propeller and the segment of rope that was observed hanging from a bollard at the wharf were from the same rope. The Captain of the OKALOOSA also testified that he noticed a line hanging from the dock when he first maneuvered the vessel into the wharf and that, at the time of the incident, he believed the vessel had caught a line off of the wharf. Accordingly, this Court finds that there is a

---

[12] Doc. 56.

5

material issue of fact as to whether the rope that became entangled in the OKALOOSA's propeller was part of the rope seen hanging from the wharf or was debris floating in the river. Summary judgment is therefore inappropriate.

## **CONCLUSION**

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 1st day of February, 2022.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

6